UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KEVIN McCABE, Individually and on Behalf of All Others Similarly Situated,

*Plaintiff*,

-against-

HAMILTON BEACH BRANDS, INC.,

*Defendant*.

1:24-cv-6781

**CLASS-ACTION COMPLAINT**

## INTRODUCTION

1. Plaintiff brings this action individually and intends to maintain it on behalf of all other persons who, during the statute-of-limitations period governing their respective claims asserted herein, purchased, through amazon.com, a "Hamilton Beach 2-Way 12 Cup Programmable Drip Coffee Maker & Single Serve Machine, Glass Carafe, Auto Pause and Pour, Black (49980R)" (the "Coffee Maker") (hereinafter, Plaintiff and the other persons described in this paragraph will be referred to collectively as the "Class," and each as a "Class Member").

## PARTIES

2. Plaintiff, Kevin McCabe ("McCabe"), is a natural person and a resident of the Eastern District of New York.

3. Defendant, Hamilton Beach Brands, Inc. ("Hamilton"), is a corporation organized and existing under the laws of Delaware, and has a principal place of business in Glen Allen, Virginia.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. Section 1332(d)(2).

5. There are at least one hundred Class Members.

6. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of

interest and costs.

7. Venue is proper in this District under 28 U.S.C. Section 1391(b)(2).

8. This Court has personal jurisdiction over Hamilton under N.Y. C.P.L.R. Section 302(a)(1) because Hamilton submitted, pursuant to a contract between Hamilton and Amazon.com Services, Inc., or a subsidiary thereof ("Amazon"), a listing for the Coffee Maker (the "Coffee Maker Product Listing" or "Product Listing"), which, thereby, appeared in various formats of amazon.com and placed the Coffee Maker on sale throughout the United States, including New York, which resulted in McCabe's purchase, in New York, of the Coffee Maker and therefore caused McCabe's harm to occur in New York.

9. This Court has personal jurisdiction over Hamilton under N.Y. C.P.L.R. Section 302(a)(3)(i) because: (i) Hamilton, while outside of New York, submitted the Product Listing to Amazon, which resulted in McCabe's purchase, in New York, of the Coffee Maker and therefore caused McCabe's harm to occur in New York; and (ii) Hamilton derives substantial revenue from goods that are used in New York.

10. This Court has personal jurisdiction over Hamilton under N.Y. C.P.L.R. Section 302(a)(3)(ii) because: (i) Hamilton, while outside of New York, submitted the Product Listing to Amazon, which resulted in McCabe's purchase, in New York, of the Coffee Maker and therefore caused McCabe's harm to occur in New York; (ii) Hamilton expected, or should reasonably have expected, the Product Listing to have consequences in New York; and (iii) Hamilton derives substantial revenue from interstate and international commerce.

**[continued on next page]**

**FACTS**

11. At all relevant times, Hamilton has distributed the Coffee Maker through the Product Listing.

12. On or about August 3, 2024, McCabe, while in this District, accessed the Product Listing on the amazon.com Android smartphone application (the "Android Application Listing") and thereupon purchased a Coffee Maker.

13. Many Class Members, including many Representation Viewers (as defined below), purchased their Coffee Maker through the Product Listing on the amazon.com desktop version, the amazon.com mobile website, or the amazon.com Apple smartphone application, each of which, with respect to the allegations set forth herein, were, in all relevant respects, substantially similar to the Android Application Listing.

14. The Product Listing was geared toward personal, household use of the Coffee Maker, as reflected by this statement in the Product Listing: "For all the coffee drinkers and aficionados who despise the long café lines, dread the overwhelming coffee options or need a fix for those early morning caffeine pains – fear no more! There's finally an affordable, low-maintenance coffeemaker that can brew a basic or premium roast coffee in a fraction of the time and cost as the coffeehouse: The Hamilton Beach 2-Way Brewer."

15. McCabe and the other Class Members purchased the Coffee Maker for personal, household use.

16. The Product Listing stated that the Coffee Maker has a "Capacity" of "96 Fluid Ounces" (the "96-Ounce Representation").

17. The actual capacity of the Coffee Maker (the "True Coffee Maker Capacity") was approximately 64 fluid ounces.

18. The True Coffee Maker Capacity was materially less than 96 ounces.

19. At least a significant portion of the Class Members, prior to making their purchases, saw and reasonably believed the 96-Ounce Representation (the "Representation Believers").

20. Hamilton knew that at least a significant portion of the Class Members would be Representation Believers.

21. Hamilton intended that the Class Members would be Representation Believers.

22. Hamilton knew, and intended, that the Representation Believers would rely upon the 96-Ounce Representation in deciding whether to purchase a Coffee Maker.

23. Hamilton knew that the Representation Believers would be more likely to purchase a Coffee Maker than they would have been if they had known of the True Coffee Maker Capacity.

24. The Product Listing contained hyperlinks to the Coffee Maker's "User Guide" and "User Manual" (the "Hyperlinked Documents"), each of which stated that, at the 12-cup marking on the Coffee Maker's carafe, which was the highest marking on the carafe, the carafe holds 60 ounces (the "Document Capacity Representation").

25. The Document Capacity Representation did not explain or clarify the 96-Ounce Representation, but, instead, contradicted it.

26. The Representation Believers did not see the Document Capacity Representation.

27. McCabe and the Representation Believers were materially misled by the 96-Ounce Representation.

28. If the Product Listing had conspicuously and accurately represented the True Coffee Maker Capacity, the price of the Coffee Maker would have been less than what it actually was, and, therefore, the Class Members would have paid that lower amount.

**[continued on next page]**

**CLASS ALLEGATIONS**

29. McCabe brings this action individually, and intends to maintain this action, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), on behalf of all other persons who, during the statute-of-limitations period governing their respective claims asserted herein, purchased a Coffee Maker through the Product Listing.

30. There are thousands of persons who are similarly situated to McCabe and would therefore be Class Members.

31. Excluded from the Class are Hamilton, any parent, subsidiary, or affiliate of Hamilton, and the directors, officers, and employees of Hamilton or of Hamilton's subsidiaries and affiliates.

32. McCabe's individual claims are, both factually and legally, typical of the putative claims of the other Class Members.

33. McCabe would fairly and adequately protect the interests of the other Class Members. McCabe has no interests that are antagonistic to, or in conflict with, the other Class Members. Indeed, McCabe's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

34. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class is so numerous that joinder of all Class Members is impracticable, and because the damages suffered by most of the individual Class Members are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation make it impractical for Class Members to adequately address the wrongs complained of herein. McCabe knows of no impediments to the effective management of this action as a class action.

35. Common questions of law and fact predominate over questions that affect only individual Class Members. Among these questions are:

(i) whether the Coffee Maker Product Listing stated that the Coffee Maker has a "Capacity" of "96 Fluid Ounces";

(ii) whether the Coffee Maker's actual capacity was approximately 64 fluid ounces;

(iii) whether the difference between a coffee-maker capacity of 96 ounces and a coffee-maker capacity of approximately 64 ounces is material;

(iv) whether at least a significant portion of the Class Members, prior to making their purchases, saw and reasonably believed the 96-Ounce Representation;

(v) whether Hamilton knew that at least a significant portion of the Class Members would believe the 96-Ounce Representation;

(vi) whether Hamilton intended that the Class Members would believe the 96-Ounce Representation;

(vii) whether Hamilton knew, and intended, that those Class Members who believed the 96-Ounce Representation would rely upon that representation in deciding whether to purchase the Coffee Maker;

(viii) whether Hamilton knew that those Class Members who believed the 96-Ounce Representation would be more likely to purchase a Coffee Maker than they would have been if they had known of the True Coffee Maker Capacity;

(ix) whether, as a result of the 96-Ounce Representation, the price of the Coffee Maker was higher than it would otherwise have been; and

(x) whether the Representation Believers were legally required to view the Document Capacity Representation and thereupon believe it instead of the 96-Ounce Representation.

**[continued on next page]**

## CAUSES OF ACTION

36. With respect to each of the causes of action asserted below, McCabe repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "35" inclusive of this Complaint as if fully set forth herein.

### ALABAMA DECEPTIVE TRADE PRACTICES ACT
### (Ala. Code §§ 8-19-1 - 8-19-15)

37. Hamilton violated the Alabama Deceptive Trade Practices Act, Ala. Code §§ 8-19-1 - 8-19-15, with respect to those Class Members who, during the one-year period preceding the commencement of the instant lawsuit (the "Action") and through the resolution of this Action, were in Alabama when they purchased a Coffee Maker (the "Alabama Class Members"); specifically, Hamilton violated Ala. Code § 8-19-5(27).

38. The Alabama Class Members are entitled to statutory damages of $100 pursuant to Ala. Code § 8-19-10(a)(1).

39. The Alabama Class Members are entitled to reasonable legal fees pursuant to Ala. Code § 8-19-10(a)(3).

### ALASKA UNFAIR TRADE PRACTICES
### AND CONSUMER PROTECTION ACT
### (Alaska Stat. §§ 45.50.471 - 45.50.561)

40. Hamilton violated the Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Stat. §§ 45.50.471 - 45.50.561, with respect to those Class Members who, during the two-year period preceding the commencement of this Action and through the resolution of this Action, were in Alaska when they purchased a Coffee Maker (the "Alaska Class Members"); specifically, Hamilton violated Alaska Stat. § 45.50.471(a) for the reasons stated in Alaska Stat. § 45.50.471(b)(11).

41. The Alaska Class Members are entitled to statutory damages of $500 pursuant to

Alaska Stat. § 45.50.531(a).

42. The Alaska Class Members are entitled to reasonable legal fees pursuant to Alaska Stat. § 45.50.537(a).

**DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT (D.C. Code §§ 28-3901 - 3913)**

43. Hamilton violated the District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901 - 3913, with respect to those Class Members who, during the three-year period preceding the commencement of this Action and through the resolution of this Action, were in District of Columbia when they purchased a Coffee Maker (the "District of Columbia Class Members"); specifically, Hamilton violated D.C. Code §§ 28-3904(e).

44. The District of Columbia Class Members are entitled to statutory damages of $1,500 pursuant to D.C. Code § 28-3905(k)(1)(A).

45. The District of Columbia Class Members are entitled to reasonable legal fees pursuant to D.C. Code § 28-3905(k)(1)(B).

**HAWAII UNFAIR AND DECEPTIVE ACTS OR TRADE PRACTICES ACT (Haw. Rev. Stat. §§ 480-1 - 480-24)**

46. Hamilton violated Hawaii Unfair and Deceptive Acts or Trade Practices Act, Haw. Rev. Stat. §§ 480-1 - 480-24, with respect to those Class Members who, during the four-year period preceding the commencement of this Action and through the resolution of this Action, were in Hawaii when they purchased a Coffee Maker (the "Hawaii Class Members"); specifically, Hamilton violated Haw. Rev. Stat. § 480-2(a).

47. The Hawaii Class Members are entitled to statutory damages of $1,000 pursuant to Haw. Rev. Stat. § 480-13(a)(1).

48. The Hawaii Class Members are entitled to reasonable legal fees pursuant to Haw. Rev.

Stat. § 480-13(a)(1).

**IDAHO CONSUMER PROTECTION ACT**
**(Idaho Code §§ 48-601 - 48-619)**

49. Hamilton violated the Idaho Consumer Protection Act, Idaho Code §§ 48-601 - 48-619, with respect to those Class Members who, during the two-year period preceding the commencement of this Action and through the resolution of this Action, were in Idaho when they purchased a Coffee Maker (the "Idaho Class Members"); specifically, Hamilton violated Idaho Code 48-603(17).

50. The Idaho Class Members are entitled to statutory damages of $1,000 pursuant to Idaho Code 48-608(1).

51. The Idaho Class Members are entitled to reasonable legal fees pursuant to Idaho Code § 48-608(5).

**MASSACHUSETTS CONSUMER PROTECTION ACT**
**(Mass. Gen. Laws Ch. 93A, §§ 1-11)**

52. Hamilton violated the Massachusetts Consumer Protection Act, Mass. Gen. Laws Ch. 93a, §§ 1-11, with respect to those Class Members who, during the four-year period preceding the commencement of this Action and through the resolution of this Action, were in Massachusetts when they purchased a Coffee Maker (the "Massachusetts Class Members"); specifically, Hamilton violated Mass. Gen. Laws Ch. 93A, § 2(a).

53. The Massachusetts Class Members are entitled to statutory damages of $25 pursuant to Mass. Gen. Laws Ch. 93A, § 9(3), or, if the Court finds that Hamilton's violation of Mass. Gen. Laws Ch. 93A, § 2(a) was willful or knowing, statutory damages of $50 to $75 pursuant to Mass. Gen. Laws Ch. 93A, § 9(3).

54. The Massachusetts Class Members are entitled to reasonable legal fees pursuant to Mass. Gen. Laws Ch. 93A, § 9(4).

**NEW HAMPSHIRE CONSUMER PROTECTION ACT**
**(N.H. Rev. Stat. Ann. §§ 358-A:1 - 358-A:13)**

55. Hamilton violated the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. §§ 358-A:1 - 358-A:13, with respect to those Class Members who, during the three-year period preceding the commencement of this Action and through the resolution of this Action, were in New Hampshire when they purchased a Coffee Maker (the "New Hampshire Class Members"); specifically, Hamilton violated N.H. Rev. Stat. Ann. § 358-A:2.

56. The New Hampshire Class Members are entitled to statutory damages of $1,000 pursuant to N.H. Rev. Stat. Ann. § 358-A:10(I).

57. The New Hampshire Class Members are entitled to reasonable legal fees pursuant to N.H. Rev. Stat. Ann. § 358-A:10(I).

**NEW MEXICO UNFAIR PRACTICES ACT**
**(N.M. Stat. Ann. §§ 57-12-1- 57-12-26)**

58. Hamilton violated the New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-1-57-12-26, with respect to those Class Members who, during the four-year period preceding the commencement of this Action and through the resolution of this Action, were in New Mexico when they purchased a Coffee Maker (the "New Mexico Class Members"); specifically, Hamilton violated N.M. Stat. Ann. § 57-12-3.

59. The New Mexico Class Members are entitled to statutory damages of $100 pursuant to N.M. Stat. Ann. § 57-12-10(B).

60. The New Mexico Class Members are entitled to reasonable legal fees pursuant to N.M. Stat. Ann. § 57-12-10(C).

**[continued on next page]**

**NEW YORK CONSUMER PROTECTION FROM DECEPTIVE ACTS AND PRACTICES ACT (N.Y. Gen. Bus. Law §§ 349 - 350-f-1)**

61. Hamilton violated the New York Consumer Protection from Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law §§ 349 - 350-f-1, with respect to those Class Members who, during the three-year period preceding the commencement of this Action and through the resolution of this Action, were in New York when they purchased a Coffee Maker (the "New York Class Members"); specifically, Hamilton violated N.Y. Gen. Bus. Law §§ 349(a) and 350.

62. The New York Class Members are entitled to statutory damages of $50 pursuant to N.Y. Gen. Bus. Law § 349(h) and statutory damages $500 pursuant to N.Y. Gen. Bus. Law § 350-e(3).

63. The New York Class Members are entitled to seek reasonable legal fees pursuant to N.Y. Gen. Bus. Law §§ 349(h) and 350-e(3).

**OREGON UNLAWFUL TRADE PRACTICES ACT (Ore. Rev. Stat. §§ 646.605 - 646.700)**

64. Hamilton violated the Oregon Unlawful Trade Practices Act, Ore. Rev. Stat. §§ 646.605 - 646.700, with respect to those Class Members who, during the one-year period preceding the commencement of this Action and through the resolution of this Action, were in Oregon when they purchased a Coffee Maker (the "Oregon Class Members"); specifically, Hamilton violated Ore. Rev. Stat. § 646.608(1)(u).

65. The Oregon Class Members are entitled to statutory damages of $200 pursuant to Ore. Rev. Stat. § 646.638(1).

66. The Oregon Class Members are entitled to reasonable legal fees pursuant to Ore. Rev. Stat. § 646.638(3).

**RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT**
**(R.I. Gen. Laws §§ 6-13.1-1 - 6-13.1-30)**

67. Hamilton violated the Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws §§ 6-13.1-1 - 6-13.1-30, with respect to those Class Members who, during the three-year period preceding the commencement of this Action and through the resolution of this Action, were in Rhode Island when they purchased a Coffee Maker (the "Rhode Island Class Members"); specifically, Hamilton violated R.I. Gen. Laws § 6-13.1-2.

68. The Rhode Island Class Members are entitled to statutory damages of $200 pursuant to R.I. Gen. Laws § 6-13.1-5(2)(a).

69. The Rhode Island Class Members are entitled to seek reasonable legal fees pursuant to R.I. Gen. Laws § 6-13.1-5.2(d).

**UTAH CONSUMER SALES PRACTICES ACT**
**(Utah Code Ann. §§ 13-11-1 - 13-11-23)**

70. Hamilton violated the Utah Consumer Sales Practices Act, Utah Code Ann. §§ 13-11-1 - 13-11-23, with respect to those Class Members who, during the two-year period preceding the commencement of this Action and through the resolution of this Action, were in Utah when they purchased a Coffee Maker (the "Utah Class Members"); specifically, Hamilton violated Utah Code Ann. §§ 13-11-4(1).

71. The Utah Class Members are entitled to statutory damages of $2,000 pursuant to Utah Code Ann. § 13-11-19(2).

72. The Utah Class Members are entitled to reasonable legal fees pursuant to Utah Code Ann. § 13-11-19(5)(b).

**[continued on next page]**

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

(a) Awarding, to Plaintiff and the other Class Members, the relief available under the Class Members' respective causes of action set forth herein; and

(b) Awarding, to Plaintiff and the other Class Members, such other and further relief as the Court finds lawful and proper.

Dated: September 25, 2024

Respectfully submitted,

**s/ *Todd C. Bank***
TODD C. BANK,
ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*